**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HEIDI BETZ,

    Plaintiff,

  v.

TRAINER WORTHAM & CO. et al.,

    Defendants.
                               /

No. C 03-03231 SI

**ORDER GRANTING LEAVE TO FILE SUR-REPLY AND ORDERING SUPPLEMENTAL BRIEFING**

Currently before the Court is defendants' motion for partial summary judgment on plaintiff's Section 10(b) Securities Act claim and Business & Profession Code Section17200 claim. With respect to plaintiff's Section 10(b) claim, defendants argue for the first time in the eight year history of the case that the claim is barred by the three year statute of repose that was in effect prior to the enactment of the Sarbanes-Oxley Act in July 2002. Defendants note that courts in the Northern District have held that the statute of repose, which is not subject to equitable tolling, begins to run on the date of the first misrepresentation. *See, e.g., In re Brocade Communs. Sys. Derivative Litig.*, 615 F. Supp. 2d 1018, 1035 (Breyer, J.) (N.D. Cal. 2009); *In re Juniper Networks, Inc. Secs. Litig.*, 542 F. Supp. 2d 1037, 1051 (Ware, J.) (N.D. Cal. 2008); *In re Maxim Integrated Prods.*, 574 F. Supp. 2d 1046, 1071 (Ware, J.) (N.D. Cal. 2008). Those Courts have likewise held that each false representation may constitute a separate violation of Section 10(b), but a plaintiff "may not recover for reliance on representations made prior to the [] statute of limitations period under a theory of continuing wrong." *In re Juniper Networks, Inc. Secs. Litig.*, 542 F. Supp. 2d at 1051.

In response to defendants' argument, which was fleshed out and supported with case law only in their Reply brief, plaintiff filed a motion for leave to file a Sur-Reply brief in opposition. [Docket No.

1    109]. Defendants respond that Sur-Reply is procedurally improper and substantively misguided.

2    [Docket No. 110]. The Court, however, GRANTS plaintiff's motion for leave to file the Sur-Reply..

3        In her Sur-Reply, plaintiff argues that this Court should not follow the Northern District Judges who have decided the issue, and instead follow district courts from the First and Second Circuits who have held that the repose period runs from the date of the *last* alleged representation regarding the same subject matter. *See* Sur-Reply (Docket No. 109-1) at 1-2. Nevertheless, plaintiff indicates that if this Court chooses to follow the decisions from this District, plaintiff still has "a §10(b) claim for unsuitable investments and misrepresentations" made after July 31, 1999, *i.e.*, three years prior to the date Sarbanes-Oxley was enacted. *Id.* at 2.

10       Defendants' response to the Sur-Reply argues that the Second Amended Complaint does not support plaintiff's new assertion that actionable post-July 1999 representations were made or that plaintiff can rest her 10(b) claim on the unsuitable investments allegations where the investment plan was made and executed prior to July 31, 1999. *See* Docket 110 at 2-3.

14       Having reviewed the cases, the Court is inclined to follow the case law from this District and find that plaintiff cannot rely on any representations that occurred prior to July 31, 1999 to support her Section 10(b) claim.[1] The Court is concerned, however, whether there are adequate allegations in the operative Second Amended Complaint to support plaintiff's position that her Section 10(b) claim can survive based on allegations of unsuitable investments and unspecified "misrepresentations" that occurred after July 31, 1999.

20       For the foregoing reasons, on or before **Tuesday April 17, 2011**, plaintiff must submit a supplemental brief, not to exceed five (5) pages, specifically identifying the misrepresentations made after July 31, 1999 that she claims are still actionable and where those allegations can be found in the operative complaint, as well as the basis for her assertion that the unsuitable investments claim can survive despite the fact that the unsuitable investments were initially made on June 10, 1999.

25       Defendants will be provided an opportunity to respond to plaintiff's supplemental briefing at the

---

[1] The Court is not inclined, however, to find that plaintiff's claim is barred by either the former one year or current two year statute of limitations that runs from the "discovery" of the violation. *See* 28 U.S.C. § 1658(b).

April 22, 2011 hearing on their motion.

**IT IS SO ORDERED.**

Dated: April 15, 2011

SUSAN ILLSTON
United States District Judge