IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDE BETZ, | No. C 03-03231 SI |
| Plaintiff, | **ORDER DENYING EX PARTE APPLICATION FOR A CONTINUANCE OF TRIAL** |
| v. | |
| TRAINER WORTHAM & COMPANY, INC. ET AL, | |
| Defendants.  / | |

On June 24, 2011, defendants filed an ex parte application to continue the July 18, 2011 trial date due to the unavailability of their expert. Plaintiff opposes the request. The Court has reviewed the pleadings and declarations submitted and DENIES the ex parte request. Defendants have failed to demonstrate good cause requiring the trial date to be moved. "The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion." *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). On April 25, 2011, the Court reset this matter for trial on July 18, 2011, after defense counsel sought a continuance of the prior trial date (set for May 31, 2011) and the parties specifically agreed to a new trial date of July 18, 2011. Docket No. 115. Defendants waited until June 24, 2011 – two months after the trial date was reset and just three weeks before trial – to request another continuance based on the unavailability of their expert.

Defendants argue that they will be prejudiced without the testimony of their expert at trial, but in their application and supporting declarations provide *no* explanation as to when they learned that their expert is unavailable or why he is unavailable. In their Reply, defendants admit their expert will be on

a previously scheduled two-week vacation, but do not admit when they learned this information. Finally, defendants do not address whether their expert could – of his own volition or under subpoena – be available on a specific date during the week of July 18, 2011. Defendants have, therefore, failed to demonstrate either that they were diligent in ensuring their expert would be available on the July 18, 2011 trial date they selected or that they will necessarily be harmed by the denial of the continuance, *e.g.*, they do not address whether their expert can postpone his vacation or otherwise make himself available to testify. *See Flynt*, 756 F.2d at 1359.

The Court also finds that plaintiff and the Court would be significantly inconvenienced by a further continuance. *See id.* This case has been pending since 2003 – the delay to trial occasioned primarily by appellate proceedings – but it has been back with this Court on remand since September 2010. Also, the Court's trial schedule would likely require – if a continuance were granted – setting the trial in September 2011.

For the foregoing reasons, defendants' application to continue the trial date is DENIED.

**IT IS SO ORDERED.**

Dated: June 29, 2011

SUSAN ILLSTON
United States District Judge

2