1

2

3

4

5        IN THE UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    HEIDE BETZ,                                    No. C 03-03231 SI

9              Plaintiff,                           **FINAL PRETRIAL SCHEDULING ORDER**

10      v.

11   TRAINER WORTHAM & CO., INC., et al.,

12             Defendants.
                                              /

13

14        On July 5, 2011, the Court held a final pretrial conference in the above captioned matter, which

15   is set for jury trial beginning July 18, 2011.  All parties were represented by counsel.  The following

16   matters were resolved:

17

18        1.    **Number of jurors and challenges**:  There shall be a jury of 8 members.  Each side shall

19   have up to 4 peremptory challenges.

20

21        2.    **Voir dire**:  The court will conduct general voir dire, and counsel for each side shall have

22   up to 20 minutes total to question the panel.

23

24        3.    **Trial exhibits**:  No later than July 15, 2011, the parties shall submit their trial exhibits,

25   in binders with numbered tabs separating and identifying each exhibit.  The court shall be provided with

26   three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

27   To the extent that original documents are to be used as exhibits in the case, they should be included in

28   the set of exhibits for the court.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

5.     **Timing of trial**:  The parties estimate that the trial should take four days, not including any punitive damages phase.  Based on this estimate, each side shall have 45 minutes for opening statements; each side shall have up to 7 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 60 minutes for closing argument.  In the event a punitive damage phase is required, each side shall have up to 15 minutes for opening statement; up to 1 hour to present evidence; and up to 30 minutes for closing argument.

6.     **Trial schedule**:  Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays.  The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

7.     **Motions in limine**:  Defendants filed 8 motions in limine, as follows:

**1. Defendants' motion to exclude references to recent financial crisis:**  Defendants seek an order precluding plaintiff from mentioning the recent bank and mortgage-related financial crisis. They contend – accurately, as far as the Court knows – that the recent crisis did not affect plaintiff's investment portfolio, the relevant performance of which ended in 2002 or so.  Thus it is not anticipated that any of plaintiff's evidence will relate directly to the current crisis.  To order that no mention be made, however, goes too far: testimony or argument could overlap in concept or principle with such evidence.  Hence, the motion is denied without prejudice to specific objections at time of trial.

**2. Defendants' motion to exclude evidence of "secret kickback":**  It is agreed by both sides that defendant Trainer Wortham paid defendant First Republic Bank referral fees based on the value of plaintiff's portfolio.  Plaintiff apparently calls the referral fees "secret kickbacks"; defendant counters that they were identified in the contract, so are not properly described as "secret." Defendant seeks an order that plaintiff may not call the fees "secret kickbacks."  The phrase is obviously

argumentative, so may be used in argument.  The question of secrecy must await the testimony at trial.  The motion is denied.

**3.  Defendants' motion to exclude evidence regarding oral agreement:** The alleged oral agreement is relevant to plaintiff's negligent misrepresentation and breach of fiduciary duty claims and is not specifically contrary to the language of the written agreements, which in any event do not include integration clauses.  The motion to exclude all reference to the oral agreement is accordingly denied.

**4.  Defendants' motion to exclude testimony based on assumed growth rates of 12.5%, 15% and 20%:** At the Pretrial Conference, plaintiff clarified that his damage expert would not use the 12.5%, 15% and 20% growth rate calculations for purposes of computing damages, but only to explain issues related to liability.  To this extent, the motion is granted.

**5.  Defendants' motion to preclude testimony re the Wells Fargo 2010 Fund:** Granted, subject to offer of proof at trial re suitability of this investment vehicle for plaintiff's stated financial needs and purposes.

**6.  Defendants' motion to exclude damage calculation after March 2001 or after March 2002:** Granted, as to damage calculations for time periods after July, 2002.  Although mitigation is a jury question, the end points otherwise offered by plaintiff's expert, which were far later in time, bear no logical relationship to plaintiff's claims or to her damages.  Plaintiffs' computations should end at the time her attorney sent his letter accusing defendants of fraud.

**7.  Defendants' motion to exclude punitive damages:** Reserved for ruling until after the trial evidence is received.

**8.  Defendants' ex parte application to substitute expert witness:** At the Pretrial

United States District Court
For the Northern District of California

Conference, plaintiff's counsel states that she has no objection, provided that defendants make the new expert available for convenient deposition prior to trial.  The Court orders accordingly.

**8.**      **Further settlement conference:**

It is ordered that the parties conduct a further settlement conference prior to trial, either with a Magistrate Judge on Friday, July 8, 2011 (if one can be arranged) or with a private mediator acceptable to the parties prior to trial.

**IT IS SO ORDERED.**

Dated: July 5, 2011

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

4