IT IS SO ORDERED
*signature*
Judge Susan Illston

Sara B. Brody (SBN 130222)
Cecilia Y. Chan (SBN 240971)
Elizabeth R. Toben (SBN 266844)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104-1715
Telephone: (415) 772-1200
Facsimile: (415) 772-7400
sbrody@sidley.com
cecilia.chan@sidley.com
etoben@sidley.com

*Attorneys for Defendants*
*Trainer Wortham & Co., Inc., First Republic Bank,*
*David P. Como, and Robert Vile*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HEIDE BETZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRAINER WORTHAM & COMPANY, INC., ET AL.,<br><br>　　　　Defendants. | No. C-03-03231 SI<br><br>**DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR ORDER TO SUBSTITUTE EXPERT WITNESS**<br><br>Pretrial Conference:　July 5, 2011 @ 3:30 pm<br><br>Trial Date:　July 18, 2011<br><br>THE HONORABLE SUSAN ILLSTON |

## I. INTRODUCTION

Defendants Trainer Wortham & Company, Inc., First Republic Bank, David Como, and Robert Vile ( "Defendants") hereby apply *ex parte* for an Order allowing Defendants to substitute their expert witness. Defendants seek to substitute an expert for their previously designated expert John Peavy ("Peavy"), under Federal Rule of Civil Procedure 37(c)(1), because Peavy will be unavailable during the trial of this case, which is scheduled to begin on July 18, 2011. This Court denied Defendants' request for a continuance due to Peavy's unavailability, and thus, if Defendants are not allowed to substitute a new expert, Defendants will be significantly prejudiced by not having any expert who can testify on their behalf or to rebut Plaintiff's expert. Not having a testifying expert would have a substantial effect on Defendants' ability to defend their case at trial based on circumstances that are beyond their control. Defendants intend to substitute an expert to testify on the same issues designated by Defendants for their original expert and to be able to rebut the Plaintiff's expert's testimony. Plaintiff would not be prejudiced or surprised in any way by such a substitution. Moreover, Defendants' substitute expert will be made available for deposition, if Plaintiff so wishes, before trial. Lastly, the substitution of Defendants' expert will not disrupt the trial schedule in any way. Under these circumstances, Defendants respectfully submit that a substitution of expert is appropriate.

## II. STATEMENT OF RELEVANT FACTS

Peavy was designated to provide testimony on two critical elements of Plaintiff's claim—the suitability of the stocks in which Defendants invested Plaintiff's funds and damages—and produced an expert report discussing such issues. These issues go to the very heart of the case. Further, Peavy was also designated to act as a rebuttal expert to Plaintiff's expert's testimony regarding damages at trial. No other expert witness has been designated to testify on such matters.

After learning of Peavy's unavailability and after failing to find an alternative solution to allow him to testify, Defendants asked Plaintiff to stipulate to a brief continuance of the trial. Plaintiff declined to agree to such a continuance. Accordingly, on June 24, 2011, Defendants applied *ex parte* for a brief continuance of the trial. The Court declined Defendants' request for a brief continuance. (Docket No. 152). The trial is scheduled to commence on July 18.

Because an expert's testimony is critical to Defendants' defense and to rebut Plaintiff's expert, Defendants respectfully seeks permission to substitute Peavy with a new expert. Defendants intend to designate a substitute expert who will provide testimony on the exact same subjects as Peavy. Defendants do not seek to supplement, or expand upon, the issues on which their expert would opine and they do not seek to provide a supplemental expert report. Defendants only seek to designate a substitute expert who will opine on those portions of Peavy's report which he chooses to adopt and to rebut Plaintiff's expert's testimony. Because Peavy is unavailable, if a substitute expert is not designated, Defendants will have to proceed at trial with no expert witness.

### III.   ARGUMENT

Federal Rule of Civil Procedure 37(c)(1) contains an express provision under which a failure to timely disclose an expert may be excused where the failure was "substantially justified or harmless." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010) (finding that district court was within its discretion to allow expert testimony where party failed to timely disclose its expert's report). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Id.* (citation omitted).

These factors are met here. *First*, Plaintiff will not be prejudiced or surprised because Defendants seek to substitute an expert witness who will only testify on those portions of Peavy's report which he adopts and as a rebuttal expert to Plaintiff's expert (the same as Peavy would if he were available at trial). Defendants' substituted expert will not testify on supplemental subjects or provide new opinions in Defendants' case in chief. Thus, Plaintiff will not be prejudiced by such testimony because the information about which the substituted expert seeks to testify was already known to her. *See Belmont Corp. v. Shell Oil Co.*, 1998 WL 242686, at *2 (N.D. Cal. May 12, 1998) (granting motion seeking substitution of expert where opposing party had expert's report for over four months before the trial and, thus, was able to adequately prepare). Any purported prejudice or surprise caused by substitution of Defendants' expert can be easily cured because

Defendants will make the substituted expert available to Plaintiff for deposition before the trial. Additionally, Defendants would be willing to pay the expert fee for time spent by their new expert in deposition testimony.

*Second*, Defendants will be significantly prejudiced if they were precluded from having an expert witness at trial. The issues on which Peavy was designated to testify are critical and go to the very heart of the case. Moreover, Peavy was also going to act as a rebuttal expert to Plaintiff's expert's testimony regarding damages at trial. Because Peavy is not available, if a substitute expert is not designated, Defendants will have no witnesses available to testify on such matters. Accordingly, Defendants will be severely prejudiced and will be deprived of their rights to a fair trial if they are denied an expert witness at trial. *Fenner v. Dependable Trucking Co., Inc.*, 716 F.2d 598, 601 (9th Cir. 1983) (finding that defendant was denied a fair trial when defendant was denied the opportunity to have an expert testify on his behalf).

*Third*, substituting an expert to provide testimony on information already disclosed in Peavy's report will not disrupt the trial in any way. The substitute expert will merely testify on the same topics as covered in Peavy's report and will provide rebuttal testimony in response to Plaintiff's expert, just as Peavy would have. The substitution would not affect the July 18 trial date; the substitution is necessitated by the July 18 trial date.

Lastly, there was no bad faith or willfulness on the part of Defendants in failing to seek this substitution sooner. This Court denied Defendants' request for a continuance two days ago. It is due to the trial date that Defendants' counsel now seeks to substitute Defendants' expert, and is in no way a reflection of any purported bad faith. Defendants immediately began the search for a substitute expert after learning of this Court's denial of the request for a continuance and will disclose the identity to Plaintiff as soon as an engagement is confirmed. Under these circumstances, Defendants believe that a substitution is appropriate.

///
///
///
///

-3-

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court issue an order allowing Defendants to substitute their expert witness.

DATED: July 1, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP

_/s/ Sara B. Brody_
SARA B. BRODY
CECILIA Y. CHAN
ELIZABETH R. TOBEN

Attorneys for Defendants
TRAINER WORTHAM & COMPANY, INC., DAVID P. COMO, FIRST REPUBLIC BANK, AND ROBERT VILE

-4-